**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000396
25-FEB-2025
07:28 AM
Dkt. 47 SO**</span>

NO. CAAP-22-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RICHARD K. TAYLOR, JR., Plaintiff-Appellant,
v.
ATTORNEYS AT LAW, CRUDELE & DE LIMA; ROBERT J. CRUDELE;
BRIAN J. DE LIMA, Defendants-Appellees; JOHN DOES 1-20, JANE
DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE
ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC161000344)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Self-represented Plaintiff-Appellant Richard K.

Taylor, Jr. (**Taylor**) appeals from the "Order Granting Defendants

Crudele & De Lima, Attorneys at Law, Robert J. Crudele and Brian

J. De Lima's [(collectively, the **Defendants**)] Motion for Summary

Judgment or, Alternatively, for Dismissal for Failure to

Prosecute Under [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule

41(b)(1), Filed March 15, 2022," (**Order**) filed May 24, 2022, and

the Final Judgment, filed on June 1, 2022, by the Circuit Court of the Third Circuit (**circuit court**).[1]

This appeal arises out of a legal malpractice complaint filed by Taylor against the Defendants. The Defendants represented Taylor in bringing a wrongful death action for the death of Taylor's father. The Engagement Agreement for legal services, which was signed and acknowledged by Taylor, defined the scope of the Crudele & De Lima law firm's (**Crudele & De Lima**) legal services to Taylor as follows,

> ### *Scope of Engagement*
> The following DESCRIBES and LIMITS the legal service which we have agreed to provide to you (i.e., the "Scope of Our Engagement") and it cannot be changed unless agreed to by us in writing. You have asked us to:
>
> > *Represent you as a residual claimant against the legal representative or estate of Donald Ingoglia for a wrongful death claim and related causes of action as a result of an accident that occurred on or about January 23, 2013, which caused the death of Richard Taylor Sr.*
>
> Unless we have explicitly agreed in writing to do so, by entering into this Agreement **we have only agreed to represent and advise you and no one else concerning the scope of this engagement.** Unless explicitly agreed, **our representation does not entail a continuing obligation to represent you concerning any subsequent legal development which may arise out of the subject matter of this engagement.**

(Italics in original) (Emphasis added.)

The wrongful death action resulted in a settlement in Taylor's favor. Taylor did not challenge the settlement award in the underlying action; however, he alleged that the

---

[1] The Honorable Henry T. Nakamoto presided.

Defendants committed legal malpractice in their handling of Taylor's settlement award.

The circuit court granted the Defendants' motion for summary judgment, and their motion to dismiss the complaint due to Taylor's failure to prosecute the case under HRCP Rule 41(b)(1). On appeal, Taylor contends that the circuit court erred in entering Final Judgment in favor of the Defendants because his settlement award "was distributed in an illegal man[n]er under [Crudele & De Lima's] representation, and the firm[']s releas[e] . . . cause[d] damages" to Taylor.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Taylor's contentions as follows:

(1) We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55–56, 292 P.3d 1276, 1285–86 (2013) (citation omitted).

We conclude that the Defendants satisfied their initial burden on summary judgment through the declaration of Francis R. Alcain (**Alcain**), and the attached exhibits. Alcain, an attorney with Crudele & De Lima, represented that, pursuant to Taylor's own instructions, Crudele & De Lima distributed the entirety of Taylor's portion of the settlement award to Taylor's daughter and sister in four disbursements,[2]

> 14. [Taylor] was informed regarding Crudele & De Lima's receipt of the settlement funds.
>
> 15. [Taylor] instructed Crudele & De Lima to disburse his portion of the settlement funds to various third parties.
>
> 16. Attached hereto as Exhibit "A" is a true and accurate copy of the Receipt for Partial Distribution dated November 25, 2014, with the enclosed letter from [Taylor] dated November 17, 2014 instructing Crudele & De Lima to disburse his under insured motorist policy funds to his daughter, Shainalyn Taylor.
>
> 17. Attached hereto as Exhibit "B" is a true and accurate copy of the Receipt for Partial Distribution dated January 29, 2015, with the enclosed letter from [Taylor] dated December 19, 2014 instructing Crudele & De Lima to disburse a portion of his settlement funds from the *Settlement, Mutual Release and Indemnity Agreement* to his daughter, Shainalyn Taylor.
>
> 18. Attached hereto as Exhibit "C" is a true and accurate copy of the Receipt for Partial Distribution dated March 4, 2015, with the enclosed letter from [Taylor] dated February 21, 2015 instructing Crudele & De Lima to disburse a portion of his settlement funds from the *Settlement, Mutual Release and Indemnity Agreement* to his sister, Melody Lindsey.
>
> 19. Attached hereto as Exhibit "D" is a true and accurate copy of the Receipt for Third and Final Distribution dated April 23, 2015, with the enclosed letter from [Taylor] dated April 11, 2015, instructing Crudele & De Lima to disburse the remaining portion of his settlement funds from

---

[2] The Defendants attached excerpts of Alcain's deposition testimony to its motion for summary judgment, in which Alcain confirmed that the last of Taylor's settlement proceeds were distributed to Taylor's sister, Melody Lindsey, on April 23, 2015.

the *Settlement, Mutual Release and Indemnity Agreement* to his sister, Melody Lindsey.

20. In his instructions to disburse his settlement funds, [Taylor] did not object to the *Settlement, Mutual Release and Indemnity Agreement* and he did not dispute the resolution of the above-entitled matter.

We conclude that the Defendants met their initial burden on summary judgment of "presenting evidence negating an element of [Taylor's legal malpractice] claim," or demonstrating that Taylor would "be unable to carry his . . . burden of proof at trial." Id. at 60, 292 P.3d at 1290 (citations omitted).

The burden then shifted to Taylor, who did not dispute the evidence presented by the Defendants, and did not present any specific facts to establish a genuine issue of material fact for trial. Taylor did not present any evidence that the Defendants breached any duty they may have owed regarding the disbursement of Taylor's settlement funds. See id. at 56-57, 292 P.3d at 1286-87 ("[W]hen the moving party satisfies its initial burden of production[,] . . . the burden shift[s] to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.") (citation omitted).

The circuit court was not wrong in granting summary judgment. Taylor did not raise a genuine issue of material fact, and the Defendants were entitled to summary judgment as a matter of law.

(2) Because we find that the circuit court was not wrong in granting summary judgment in favor of the Defendants, we decline to address the circuit court's alternative ruling to "dismiss[] the action under HRCP Rule 41(b)(1) for lack of prosecution" because it found that Taylor "deliberately delayed or engaged in contumacious conduct which . . . caused actual prejudice to [the] Defendants."

For the foregoing reasons, we affirm the circuit court's Order and Final Judgment.

DATED: Honolulu, Hawaiʻi, February 25, 2025.

On the briefs:

Richard K. Taylor, Jr.,
Self-represented
Plaintiff-Appellant.

Nadine Y. Ando,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge